F. E. CARTER, Appellant, v. F. WALTERS.

AGREEMENT TO PURCHASE LAND HELD FORFEITED. Possession of land and rent given plaintiff.

*Appeal from Hancock District Court.*—HON. JOHN C. SHERWIN, Judge.

WEDNESDAY, MAY 23, 1894.

THIS is a controversy involving the right of possession of a quarter section of land, and the rent for the occupancy of the same for the year 1891. The action was tried in the court below as an equitable proceeding, and the plaintiff's petition was dismissed, and he appeals.—*Reversed.*

*John Jamison* and *Ladd & Rogers* for appellant.

*W. É. Bullard* and *Cliggitt & Rule* for appellee.

ROTHROCK, J.—The plaintiff is the owner of a half-section farm in Hancock county. He leased said land to the defendant for the year 1890 for one-third of the crops raised, as rent. The defendant farmed the land for the year 1891, but refused to deliver any share of the grain grown on one quarter section, on the ground, that, in October, 1890, he bought that part of the farm of the plaintiff, and was in possession thereof in 1891 as owner, and not as tenant. The plaintiff commenced on action of forcible detainer to obtain possession of the land. A trial was had, and the plaintiff was defeated, and he appealed the case to the district court. He also commenced this action in the district court to recover the rent of said quarter section for the year 1891. The defendant answered by setting up a contract of purchase, and alleged that he had tendered and offered to pay for said land according to the terms of the contract, and demanded that a decree be entered ordering plaintiff to convey the land to him upon the payment of the purchase money according to the contract. By agreement of the parties, the action of forcible detainer and the action for rent were consolidated, and heard as a suit in equity. Before the hearing was com-

menced, the defendant filed an amendment to his answer, which, as shown by the abstract, was in these words: "And defendant withdraws that portion of his answer which asks for the affirmative relief of specific performance, without prejudice." We have stated the issue, to the end that the status of the case may be clearly understood. It will be observed that the plaintiff demanded judgment for the rent for the year 1891, and he also demanded possession of the land. The defendant claimed that he was entitled to the possession because he was a purchaser of the land. By his answer, as amended, he neither offered to pay purchase money, nor demanded a conveyance or transfer of the title. The question of fact to be determined in the case is: Was the defendant in the possession of the land in dispute, in the year 1891, as a purchaser? It is not our purpose to set out the evidence of the witnesses in detail. It appears that on the third day of October, 1890, negotiations were had between the parties in reference to the purchase, and the following instrument in writing was executed and delivered: "Belmond, Iowa, October 3, 1890: Received of Frederick Walters one hundred dollars, as part purchase money for the southeast quarter, 27—94—24, Hancock Co., Iowa, which is to be held by me as earnest money, and is to be retained and kept by me as forfeit money, unless Frederick Walters pay, on or before January 1, 1891, the further sum of two hundred dollars, and close up his purchase of said land above described. Fred E. Carter." Under this writing, it was incumbent on the defendant to comply with the contract, and close up his purchase of the land, or forfeit the one hundred dollars.

The evidence shows that the contract as made by the parties when the one hundred dollars earnest or forfeit money was paid, was that the defendant should pay two thousand and seven hundred dollars for the land, as follows: One hundred dollars cash; two hundred dollars January 1, 1891; and the balance in payments to be arranged when the payment of two hundred dollars was made. It further appears, by a fair preponderance of the evidence, that an arrangement was afterward made, by which defendant was to have the option of paying two thousand and five hundred dollars for the land in cash or take it at two thousand and seven hundred dollars with deferred payments. There was a mortgage on the land, and when the time came to close up the transaction the plaintiff and J. H. Reese procured a release of the mortgage, to be deposited in a bank at Ackley, so that, if the defendant desired to pay the cash for the land, he could have a clear title. But when the parties met to arrange the matter, the defendant did not make a tender of either the two hundred dollar payment, or of the whole amount of the purchase money. He admits in his testimony, as a witness, that he had no money to tender. The only claim he makes is that he had arranged with parties to furnish him the money. He named the persons who were to furnish it. One of these persons testified that he had a long talk with Walters about furnishing him the two hundred dollars before January 1, 1890, and some time in March, 1891, he concluded to let him have that amount if he would give security for it. Another person, from whom he claims he could have borrowed the whole amount, testified, as a witness, that he

did not offer him the money, because his security was insufficient for the amount. The only security the defendant had to offer was a mortgage on the land in controversy, and a chattel mortgage on some personal property. The contract between the parties was partly in writing and partly in parol, and the evidence shows that the payment of the one hundred dollars was to be forfeited if the further payment of two hundred dollars was not made on or before January 1, 1891, but the one hundred dollars was to be kept by the plaintiff; and it is further shown that it was part of the contract that if the two hundred dollars was not paid there should be no sale. After the failure of the defendant to make the payment, the plaintiff put the sale of the land in the hands of another party, and has at no time since recognized the defendant as a purchaser, but demanded a share of the grain, as rent, at the proper time in 1891. It is to be remembered that the parties are in a court of equity, and their rights ought not to be matter of doubt. The defendant can not be allowed to retain possession of the farm by the mere payment of one hundred dollars. So far as appears from this record, he has been in possession, and raised crops, and occupied the dwelling house, and made other improvements, for the years 1892 and 1893, without the payment of anything; and he is now insisting that he shall remain, and refuses to offer to make any payment on his claimed purchase. The evidence clearly shows that time was the essence of the contract, and in such case it was the right of plaintiff to insist on a forfeiture when the defendant failed to make payment at the time agreed upon. See *Prince v. Griffin*, 27 Iowa, 514; *Land Co. v. Mickel*, 41 Iowa, 402; *Johnson v. Thornton*, 54 Iowa, 144, 6 N. W. Rep. 165.

It appears from the defendant's testimony, as a witness, that he raised on the land in controversy, in the year 1891, one thousand, one hundred and twenty-five bushels of oats, one hundred and fifty-seven bushels of barley, and seventy acres of corn, which produced from thirty to forty bushels to the acre, and a few bushels of flax seed. There is no evidence as to the value of the flax seed, and no satisfactory evidence of the quantity or value of the hay cut on the land. Computing the corn at thirty-five bushels per acre, and the price of all the grain at the lowest market price shown by the evidence, we find that the plaintiff should have judgment against the defendant for three hundred and twenty dollars, with interest from January 1, 1892, and that there should be a decree for the plaintiff for the possession of the land. It appears that an attachment was issued at the commencement of the suit. The decree dismissing the plaintiff's petition is reversed, and the cause is remanded to the court below for a judgment and a decree in accord with this opinion. REVERSED.